# EXHIBIT 8

DATE FILED: November 28, 2018 1:40 PM
FILING ID: 1967B1228EA4B
CASE NUMBER: 2018CV30123

| | |
|---|---|
| DISTRICT COURT, GARFIELD COUNTY, COLORADO<br><br>Garfield County Courthouse<br>109 8th Street, Suite 104<br>Glenwood Springs, Colorado 81601 | |
| **Plaintiffs:** CLIFFORD MCPHERSON, DONALD MCPHERSON, KENNETH MCPHERSON, DWIGHT MCPHERSON, LARONA MCPHERSON, D & L MCPHERSON, LLLP, MICHAEL MCPHERSON, JG & MR MCPHERSON LLLP, LESLIE DALE MCPHERSON AND JEANNE MCPHERSON, INDIVIDUALLY AND AS CO-TRUSTEES OF THE MCPHERSON MINERAL TRUST DATED JANUARY 28, 2009, STELLA MCCLUNG, INDIVIDUALLY AND AS TRUSTEE OF THE MCCLUNG TRUST DATED APRIL 6, 1987, JANICE MARIE MATTICKS, ALPINE WEALTH MANAGEMENT, AS TRUSTEE OF THE JANICE MARIE MATTICKS LIVING TRUST DATED AUGUST 20, 2008, NATALIE MEISNER, INDIVIDUALLY AND AS TRUSTEE OF THE MEISNER REVOCABLE LIVING TRUST DATED FEBRUARY 27, 1998, SUSAN POWELL, JUNE MARTIN, GEORGE BAGLEY, AND CHARLES BAGLEY<br><br>v.<br><br>**Defendant:** ANTERO RESOURCES CORPORATION | ▲COURT USE ONLY▲ |
| Attorneys for Defendant<br><br>Karen L. Spaulding, #16547<br>Malinda Morain, #46986<br>Tyler Weidlich, #51706<br>Beatty & Wozniak, P.C.<br>216 16th Street, Suite 1100<br>Denver, CO 80202<br>Phone: (303) 407-4499<br>kspaulding@bwenergylaw.com<br>mmorain@bwenergylaw.com<br>tweidlich@bwenergylaw.com | Case No.: 2018CV030123<br><br>Division: F |

| DEFENDANT'S MOTION FOR A PROTECTIVE |
| ORDER AND STAY OF CASE DEADLINES |

Defendant Antero Resources Corporation, through undersigned counsel, moves this Court, pursuant to C.R.C.P. 26(c), for a protective order staying discovery and all other case deadlines pending the appeal of five (5) related cases that will determine whether the Colorado Oil and Gas Conservation Commission ("COGCC") has primary jurisdiction over claims for the underpayment of natural gas royalties such as those asserted in this matter by Plaintiffs, Clifford McPherson, Donald McPherson, Kenneth McPherson, Dwight McPherson, Larona McPherson, D & L McPherson, LLLP, Michael McPherson, JG & MR McPherson LLLP, Leslie Dale McPherson and Jeanne McPherson, Individually and as Co-Trustees of the McPherson Mineral Trust dated January 28, 2009, Stella McClung, individually and as Trustee of the McClung Trust dated April 6, 1987, Janice Marie Matticks, Alpine Wealth Management, as Trustee of the Janice Marie Matticks Living Trust dated August 20, 2008, Natalie Meisner, individually and as Trustee of the Meisner Revocable Living Trust dated February 27, 1998, Susan Powell, June Martin, George Bagley, and Charles Bagley ("Plaintiffs").

C.R.C.P. 121 § 1-15 ¶ 8 Certification: The parties have conferred in good faith regarding this Motion. Plaintiffs oppose the relief sought herein.

## INTRODUCTION

This case is one of nineteen cases pending in Garfield County District Court involving allegations that Defendant underpaid natural gas royalties to various plaintiffs over the course of several years. To date, twenty-one district court decisions in Colorado, rendered by eight different Judges, have held that the COGCC has primary jurisdiction under the Colorado Oil and

2

Gas Conservation Act, C.R.S. § 34-60-118.5 ("Section 118.5") to adjudicate royalty underpayment claims that do not involve a "bona fide issue of contract interpretation." These royalty claims are almost identical to those advanced by Plaintiffs in this case. In each of these related cases, the district court has dismissed the plaintiffs' claims for lack of subject matter jurisdiction and failure to exhaust administrative remedies before the COGCC.[1] These dismissal orders are essentially uniform rulings in Garfield and Denver County District Court.

On July 30, 2018, however, the COGCC issued rulings in five (5) similar royalty underpayment claims, which were previously dismissed for lack of jurisdiction by the Garfield County District Court,[2] rejecting this Court's dismissal orders and declining subject matter jurisdiction. The COGCC found no specific contractual language in the parties' leases necessitating interpretation within meaning of Section 118.5; rather, it broadly concluded that the application of undisputed lease language to the facts of this case somehow involves contractual interpretation. Defendant has appealed the COGCC's rulings to the Denver District Court because each conflicts with jurisprudence from the Colorado Supreme Court in addition to the 21 decisions by District Courts in this state.

Counsel for Plaintiffs has made it clear they intend for discovery in this case—and the other 18[3] similar royalty cases currently pending in Garfield County District Court as of this date—to be extensive and time-consuming, including depositions of non-parties. To permit

---

[1] The list of cases dismissed for lack of subject matter jurisdiction recently in 21 district court cases is attached as **Exhibit A**.

[2] These matters were originally docketed before this Court as: *Airport Land Partners, Ltd. v. Antero Resources Corp., et al.*, Case No. 2016CV32059; *Richard N. Casey v. Antero Resources Corp., et al.*, Case No. 2017CV30071; *Paul Limbach, et al., v. Antero Resources Corp., et al.*, Case No. 2016CV30263; *Shidelerosa, LLP v. Antero Resources Corp. et al.*, Case No. 2016CV30280; *Patrick L. Shuster, et al. v. Antero Resources Corp. et al.*, 2017CV30049.

[3] A single case filed by Plaintiffs' counsel was not dismissed as the Court found that it involves a dispute over which of two different leases is the operative lease. *Sauder, Barbara L. v. Antero Resources Corp. et. al.*, Case No. 2017CV30016. This matter has been resolved by the Parties and will be dismissed with prejudice in the near future.

discovery to proceed in district court when this Court more than likely lacks subject matter jurisdiction (as held now on 21 occasions) would place an expensive and undue burden on the Court and the parties and would further risk a substantial waste of time and resources. ***In fact, Courts in this district have already stayed thirteen of the related royalty lawsuits pending the appeal in Denver County District Court.*** Therefore, consistent with the other related royalty lawsuits in Garfield County District Court and to ensure an efficient adjudication of the claims in this action, Defendant requests a protective order staying discovery and all other case deadlines while it appeals the COGCC's improper determination that it lacks jurisdiction over royalty underpayment claims where the plaintiff has not identified a bona fide contractual interpretation dispute.

## PROCEDURAL BACKGROUND

On March 13, 2017, Plaintiffs filed a complaint in this Court alleging underpayment of natural gas royalties owed by the Defendant. Plaintiffs' royalty claims <u>do not</u> "involve a bona fide dispute regarding interpretation of a contract," and consequently the COGCC has primary jurisdiction under Section 118.5(5) to adjudicate the claims. As a result, on April 2, 2018, this Court dismissed this Complaint for lack of subject matter jurisdiction. Rather than file its claim before the COGCC, Plaintiffs then re- filed another Complaint on June 28, 2018 in this Court making the same payment of proceeds claims involving a contract in which there is no bona fide interpretation dispute as those in its original Complaint. On this basis, Defendant filed another motion to dismiss Plaintiffs' claims for lack of subject matter jurisdiction on August 10, 2018. This motion to dismiss has not been ruled upon to date.

On July 30, 2018, the COGCC issued rulings in five (5) substantially related royalty underpayment cases[4] declining subject matter jurisdiction, notwithstanding that this Court had already dismissed those cases for lack of jurisdiction upon a specific finding that the claims did not involve a "bona fide dispute over the interpretation of a contract" under Section 118.5(5). Defendant believes the COGCC's rulings declining subject matter jurisdiction are an abuse of discretion or otherwise improper under the Administrative Procedure Act. Accordingly, on September 4, 2018, Defendant filed Complaints in the Denver County District Court seeking judicial review of the rulings pursuant to the Administrative Procedure Act, C.R.S. § 24-4-106.[5] These matters are currently pending on appeal to address the application of Section 118.5 in determining whether the COGCC or this Court has jurisdiction over the royalty underpayment claims brought against the Defendant.

## ARGUMENT

### I. This Court Has Already Entered a Stay on the Same Grounds in the Other 13 Related Lawsuits.

The following are other cases pending before Garfield County District Court involving almost identical royalty underpayment claims brought against the Defendant by counsel for Plaintiffs: *Richard N. Casey v. Antero Resources Corp., et al*., No. 2018cv30089; *Airport Land Partners, LTD v. Antero Resources Corp, et al*., No. 2017cv30213; *City of Rifle v. Antero Resources Corp, et al*., No. 2016cv30281; *Alice Colton, et al., v. Antero Resources Corp., et al,* No. 2016cv30260; *Energy Invs. Inc. v. Antero Resources Corp., et al,* No. 2018cv30156; *Jerry*

---

[4] In the Matter of Airport Land Partners, LTD, COGCC Docket No. 171200788; In the Matter of Richard N. Casey, COGCC Docket No. 171200789; In the Matter of Paul Limbach, et al., COGCC Docket No. 171200790; In the Matter of Shidelerosa, LLC, et al., COGCC Docket No. 171200791; In the Matter of Patrick L. Shuster, et al., COGCC Docket No. 171200792.
[5] *See Antero Resources Corp., et al. v. Colorado Oil and Gas Commission, et al.*, Case Nos. 2018cv33277, 2018cv33278, and 2018cv33281 (Denver District Court).

5

*Jones v. Antero Resources Corp., et al.,* No. 2018cv30155; *Paul Limbach, et al., v. Antero Resources Corp., et al.,* No. 2017CV30209; *Map99A v. Antero Resources Corp., et al.,* No. 2017cv30081; *Sharon Salgado v. Antero Resources Corp. et al.,* No. 2017cv30016; *Shidelerosa, et al., v. Antero Resources, Corp. et al.,* No. 2018cv30086; *Shuster v. Antero Resources, Corp., et al.*, No. 2018cv30138; *Joseph Weinreis, et al., v. Antero Resources, Corp. et al.,* No. 2013cv30281. In these matters, Defendant filed similar Motions for Protective Order and Stay of Case Deadlines seeking a stay pending the appeal of the COGCC's orders declining jurisdiction. These Motions were granted issuing "a protective order staying this litigation <u>in its entirety</u> pending resolution of the COGCC's subject matter jurisdiction in the related royalty matters." This action should be stayed in its entirety for the same reasons.

**II.      A Stay is Otherwise Warranted in this Case.**

The Court possesses the discretionary authority to stay this case. *United States v. Colo. State Eng'r (In re Water Rights of United States)*, 101 P.3d 1072, 1080-81 (Colo. 2004). "This discretion derives from the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 1081. Stays are commonly issued by state courts in Colorado, for example, to avoid piecemeal litigation of independent but related cases pending in different tribunals (including administrative proceedings).[6] Relatedly, C.R.C.P. 26(c) permits the issuance of a protective order halting discovery when there is good cause "to protect a party [from whom discovery is due] from annoyance…or undue burden or expense…." C.R.C.P. 26(c)(1).

---

[6] *See, e.g., Town of Minturn v. Sensible Hous. Co.*, 273 P.3d 1154 (Colo. 2012) (proper remedy was to stay judicial review of annexation proceedings pending the outcome of quiet title litigation); *In re Water Rights, supra* (administrative proceeding stayed pending resolution of related federal litigation).

It is widely held that staying a case and prohibiting discovery is appropriate when a party has challenged the court's jurisdiction. *See Weatherspoon v. Miller*, No. 11-cv-00312, 2011 U.S. Dist. LEXIS 44210, at *5 (D. Colo. Apr. 19, 2011) (staying discovery is generally favored when a jurisdictional defense is raised). Indeed, such a stay is particularly appropriate when resolution of a substantially related case would be determinative of "a large part of the action," as exists here. *See Hawg Tools, LLC v. Newsco Int'l Energy Servs.*, Inc., No. 14-cv-03011, 2015 U.S. Dist. LEXIS 28420, 2015 WL 1087051, at *2 (D. Colo. Mar. 9, 2015) (finding a stay warranted pending the outcome of an appeal in a related case, because that appeal "w[ould] be determinative of a large part of this action[]" and "judicial economy warrant[ed] judicial patience."); *Lavallee v. Crocs, Inc.*, No. 09-cv-02730, 2012 U.S. Dist. LEXIS 166310, 2012 WL 5897186, at *2 (D. Colo. Nov. 20, 2012) (same); *Nw. Forest Res. Council v. Robertson*, 711 F. Supp. 1039, 1040 (D. Or. 1989) (staying case pending resolution of another district court action "involv[ing] claims virtually identical" to those before the court, whose resolution "may obviate the need to proceed in this case").

Staying the present litigation while a Colorado appellate court determines the COGCC and this Court's jurisdiction would in all events be determinative of a "large part of this action" (the Court's subject matter jurisdiction), would advance judicial economy, and is necessary to avoid prejudicing both Defendant and non-parties[7] with the substantial expense of potentially

---

[7] There are also numerous third parties whom Plaintiffs are interested in deposing in order to prove-up their marketability and royalty-calculation arguments. *See* **Exhibit B**, Proposed Case Management Order from related case, *Alice Colton et al. v. Antero Resources Corp. et al.* (Case. No. 2016CV30260), dated March 13, 2017, at 7 ("For example, EnCana Oil and Gas (USA) Inc., Enterprise Gas Processing LLC, and Enterprise Products Partners, LLC all are or were involved in the gathering and processing of all of Defendants' Colorado natural gas production during the relevant time period.…Thus, those third-party depositions are likely necessary to understand how the natural gas moved from the wellhead to the processing plant and ultimately to the location where the natural gas was sold in each case.").

unnecessary discovery. Twenty-one (21) decisions from Garfield and Denver County District Courts have correctly determined the COGCC has primary jurisdiction over royalty claims identical to those asserted by Plaintiffs. For example, Judge Lynch in one of these matters held:

> The critical inquiry for the Court to determine if Plaintiffs should have first exhausted their administrative remedies before the COGCC, is whether there is a bona fide dispute over contract interpretation.
>
> Interpretation of a written contract and whether ambiguity exists in a contract is a question of law for the court. Thus, the Court must examine the agreements to determine if there is a bona fide dispute as to contract interpretation. There is not.
>
> The Plaintiffs have asserted claims for underpayment of royalties based on Defendants allegedly improperly allocating costs, taking excess tax deductions, and by failing to pay royalties on the sales price of natural gas and natural gas products. All these claims are based upon clear and unambiguous language contained in the agreements … Here, the leases expressly require Defendants to bear all costs to make the gas marketable and to deliver it to the first interstate pipeline. Therefore, there is no contract to interpret. There are only disputed issues that are questions of fact as to whether royalties were properly calculated which the COGCC is well equipped to address. And, once these factual issues are determined, the allocation of the post-production cost becomes a matter of simple math.

Order, dated July 31, 2017, *Paul Limbach, et al. v. Antero Resources Corporation*, et al., Case No. 2016CV30263 (internal citations omitted).

Therefore, this case should be stayed while the COGCC's refusal to comply with the plain language of Section 118.5 and adhere to the several rulings by this Court is scrutinized on appeal. The judicial economy advanced in staying the case greatly outweighs any limited interest Plaintiffs have in pursuing discovery pending the determination of the COGCC and this Court's jurisdiction. Even if the District Court was found on appeal to have jurisdiction over these royalty matters, this case would likely be consolidated with the other related matters pending before this Court for discovery purposes given the similarity of the operative facts and issues.

8

*See* C.R.C.P. 42. Allowing discovery to proceed independently in this case when this Court has already determined it lacks subject matter jurisdiction over substantially related claims would risk significant inefficiency and needless cost. Out of concerns of judicial economy and as a matter of common sense, this case should be stayed pending final resolution of Defendant's appeal of the COGCC's orders declining jurisdiction.

## CONCLUSION

The appeal of the COGCC's orders that it lacks jurisdiction over substantially related claims for royalty underpayments is a dispositive issue in this case that must be exhausted through appeal before this case may proceed, if at all. If it is found that the COGCC has jurisdiction over these related royalty claims, <u>consistent with the rulings of 21 other decisions</u>, any discovery conducted in this case would be unjust, prejudicial and a gross waste of time and resources. Therefore, Defendant requests a stay of this litigation in its entirety pending resolution of the COGCC's subject matter jurisdiction in the related royalty matters.

A proposed Order is attached for the convenience of the Court.

Dated: November 28, 2018.

*Original signature on file in the offices of Beatty & Wozniak, P.C.*

BEATTY & WOZNIAK, P.C.

*s/ Karen Spaulding*
Karen L. Spaulding, #16547
Malinda Morain, #46986
Tyler Weidlich, #51706

*Attorneys for Defendant Antero Resources Corporation*

9

# CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of November, 2018, a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND STAY OF CASE DEADLINES** was electronically filed and served via ICCES to:

Stacy A. Burrows
George A. Barton
Law Offices of George A. Barton, P.C.
7227 Metcalf Ave., Suite 301
Overland Park, KS 66204
Phone:    916-300-6250
Fax:      816-300-6259
Email:    gab@georgebartonlaw.com
            stacy@georgebartonlaw.com

                                              */s/ Martha A. Lair*

| DISTRICT COURT, GARFIELD COUNTY, COLORADO<br>Garfield County Courthouse<br>109 8th Street, Suite 104<br>Glenwood Springs, CO 81601 | DATE FILED: April 12, 2023 5:00 PM<br>CASE NUMBER: 2018CV30123 |
|---|---|
| Plaintiffs: CLIFFORD MCPHERSON, DONALD MCPHERSON, KENNETH MCPHERSON, DWIGHT MCPHERSON, LARONA MCPHERSON, D & L MCPHERSON, LLLP, MICHAEL MCPHERSON, JG & MR MCPHERSON LLLP, LESLIE DALE MCPHERSON AND JEANNE MCPHERSON, INDIVIDUALLY AND AS CO-TRUSTEES OF THE MCPHERSON MINERAL TRUST DATED JANUARY 28, 2009, STELLA MCLUNG, INDIVIDUALLY AND AS TRUSTEE OF THE MCCLUNG TRUST DATED APRIL 6, 1987, JANICE MARIE MATTICKS, ALPINE WEALTH MANAGEMENT, AS TRUSTEE OF THE JANICE MARIE MATTICKS LIVING TRUST DATED AUGUST 20, 2008, NATALIE MEISNER, INDIVIDUALLY AND AS TRUSTEE OF THE MEISNER REVOCABLE LIVING TRUST DATED FEBRUARY 27, 1998, SUSAN POWELL, JUNE MARTIN, GEORGE BAGLEY, AND CHARLES BAGLEY,<br><br>v.<br><br>Defendant: ANTERO RESOURCES CORPORATION | ▲ COURT USE ONLY ▲<br><br>Case Number: 2018CV030123<br><br>Division: A |
| **[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO LIFT THE COURT'S DECEMBER 26, 2018 ORDER WHICH STAYED THIS LITIGATION** | |

    The Court, having reviewed Plaintiffs' Unopposed Motion to Lift the Court's December 26, 2018 Order which stayed this litigation, hereby GRANTS Plaintiffs' Unopposed Motion to Lift the Court's December 26, 2018 Stay of Litigation Order.

Dated this  12th  day of   April , 2023.

BY THE COURT:

*[signature]*

Anne K Norrdin
District Court Judge